**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID T. MOULTRIE,

                                    Plaintiff,                          Civ. No. 06-6014 (DRD)


v.                                                                      **O P I N I O N**


COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.


*Appearances by:*

LANGTON & ALTER, ESQS.
by: James Langton, Esq.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ  07065

          *Attorneys for Plaintiff*

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY for the District of New Jersey
by: Sheena V. Barr, Esq.
Special Assistant U.S. Attorney
26 Federal Plaza, Room 3904
New York, NY  10278

          *Attorney for Defendant*


**DEBEVOISE, Senior District Judge**

Pursuant to § 205(g) of the Social Security Act, Plaintiff, David T. Moultrie, seeks this Court's review of the Commissioner of Social Security's ("Commissioner") final determination that he was not eligible for either Title II Disability Insurance Benefits or Title XVI Supplemental Security Income Benefits (the "Benefits") under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act.  The Commissioner, rather than objecting to a review of his decision, submitted a motion requesting reversal of his decision and remand for further administrative proceedings.  Because the Administrative Law Judge did not consider the effect of Moultrie's obesity, combined with his other impairments, on his ability to engage in gainful employment, the Commissioner's decision will be reversed and the case remanded for further proceedings.

## I.  BACKGROUND

**1. The Proceedings:**  On February 4, 2004, Moultrie  filed an application for Benefits, alleging disability since April 13, 2003, due to asthma, hypertension, and deep venous thrombosis (DVT).  The claim was denied twice;  initially on June 4, 2004, and again on reconsideration on September 21, 2004.  A hearing was held before Administrative Law Judge ("ALJ") Joel H. Friedman on January 11, 2006.  On August 25, 2006, following the hearing, the ALJ issued a decision finding that Moultrie was not disabled.  The ALJ's decision was appealed to the Appeals Council, and on November 13, 2006, the Appeals Council found no grounds for review; therefore, the ALJ's decision became the Commissioner's final decision.

On December 15, 2006, Moultrie filed a Complaint in the District of New Jersey seeking review of the Commissioner's unfavorable decision.  The Commissioner filed his brief on June 18, 2008, requesting reversal of the ALJ's decision and for this Court to remand the case for

further administrative proceedings.

**2. The ALJ's Decision:** The ALJ noted the five-step sequential evaluation process for determining whether an individual is disabled. He reviewed the step one requirements for determining whether the claimant is engaging in substantial gainful activity. He found that Moultrie had not engaged in substantial gainful activity since April 13, 2003, the alleged onset date.

At step two, where it must be determined whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe," the ALJ found that Moultrie "has severe impairments involving a history of deep venous thrombosis (DVT), asthma and hypertension." He did not find that Moultrie's obesity was a severe impairment.

At step three, where it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1, the ALJ found that Moultrie's impairments did not meet the Appendix 1 criteria.

The ALJ found it unnecessary to proceed beyond step four, which requires a determination whether a claimant has the residual functional capacity to perform the requirements of his past relevant work. The ALJ relied upon the results of a May 13, 2004 examination made by Dr. Lisa Zhang, reciting many of Dr. Zhang's observations, and he referred to the various hospitalizations Moultrie underwent at Newark Beth Israel Medical Center, reciting the findings made on those occasions. The ALJ stated that "[t]he claimant's subjective complaints of disabling pain and other symptoms and limitation precluding all significant work

3

activity are not fully credible or consistent with Social Security ruling 96-7p and 20 CFR

404.1529."

The ALJ found that Moultrie had at all material times the residual functional capacity to

perform work involving lifting and carrying objects weighing up to 20 pounds; frequently lifting

and carrying objects weighing up to 10 pounds; standing, walking and sitting up to six hours in

an eight-hour day; pushing and pulling arm and leg controls; and the full range of light work.

Based on these capabilities the ALJ stated:

> . . . I find that the claimant retains the residual functional capacity to perform his
> past relevant work as a car salesman (SSR 82-62). Based on his work history in
> Exhibit 1E, this job did not involve functions beyond his determined residual
> functional capacity. I find little evidence to support claimant's testimony
> regarding limitation in sitting and standing to the degree that it would preclude
> this job, which involves some sitting during the course of the day (between
> customers, doing paperwork, etc.). Moreover, the claimant would not even grid at
> sedentary and there is no credible evidence that would limit his sitting. Even
> assuming that the claimant had to avoid concentrated exposure to fumes, etc.,
> nothing in the job of car salesman (done mostly in a showroom, with occasional
> test drives), would involve concentrated exposure to respiratory irritants.

(R16)

Unfortunately, the ALJ excluded from his analysis of the medical evidence and

Moultrie's testimony one critical disability from which Moultrie suffered - his obesity. One

cannot evaluate the effect of his DVT, asthma, and hypertension without considering all of them

in combination with each other and in combination with his obesity.

**3. The Record:**  It is clear from the record that DVT, asthma, and hypertension had a

serious effect upon Moultrie's ability to work. Dr. Zhang's Diagnosis was "1. Recurrent right

deep venous thrombosis. 2. Asthma. 3. Hypertension. 4. Right knee Baker's cyst." (R. 99). Her

prognosis was "Poor." (R. 100).

4

The various hospital records reinforced this diagnosis.  Significantly, the March 28, 2006 Newark Beth Israel Medical Center record refers to Moultrie as "morbidly obese."

Moultrie's testimony reflects the effects of this obesity.  His daughter drove him to the hearing; because he cannot sit for long periods in a car he no longer has a license and has not driven for five or six years (R. 292-3).  He lives in an apartment and goes up one flight of stairs to get to it.  (R. 293).

Moultrie graduated from twelfth grade and between 1976-78 studied electronics.  (R. 293-94).  He recited that after he walks half a block he experiences numbness in both of his legs from the knee up to the waist area, and he has to sit down or lean against steps or a garbage can. If he sits too long he has problems with an aching back (R 294-95).  He takes multiple medications, including Coumadin to control blood clotting resulting from his DVT.  These medications cause drowsiness.  (R 296-97).

His most recent work was light carpentry, which did not involve heavy lifting.  The job shut down in 2002 or 2003, and he has not worked since then (R. 298 - 300).  Before that he was in the car business in which he engaged in selling and for a time was assistant manager.  He was thus employed in the late 1980's to the mid 1990's (R. 301).  Also at one time he was superintendent of a building, a job that required keeping the place clean, making repairs, plumbing, carpentry (R. 302).  Significantly, Moultrie, who is 5' 8" now weights about 280 pounds.  When he was a car salesman he weighted 145 pounds.  He attributed this weight increase to the effects of prednisone, which he takes to control his asthma (R. 309).

## II. DISCUSSION

Usually in a disability appeal the issue before the Court is whether the Commissioner's decision is supported by substantial evidence.   In this case the Commissioner in effect concedes that the decision was not supported by substantial evidence, and the question is what action should the Court take.  Moultrie asserts that substantial evidence exists in the administrative record to support a finding of disability, and therefore asks the Court to reverse the decision of the Commissioner and order payment of benefits.  The Commissioner asserts that the case should be remanded in order for the ALJ to analyze the effects of Moultrie's obesity and develop a better record.

Remand is appropriate, pursuant to 42 U.S.C. § 405(g), in cases where the Commissioner has failed to provide a full and fair hearing, to make explicit findings of fact, to fully develop the record, or to correctly apply the law.  See, e.g., Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20 (3d Cir. 2000); Ventura v. Shalala, 55 F.3d 900, 904 (3d Cir. 1995).  In this case it is clear that the ALJ failed to fully develop the record as to Moultrie's obesity and the effect that it had on his other disabilities and on his ability to engage in gainful employment.

Obesity can constitute a severe impairment.  Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 958 (3d Cir. 2006).  If an ALJ finds that an applicant's obesity rises to the level of a severe impairment, then the ALJ must consider the applicant's obesity at every step of the sequential evaluation process.  In this case, the ALJ's decision denying Benefits does not contain an analysis of the effect of Moultrie's weight on his ability to engage in gainful employment.  Therefore, remand is necessary in order for the ALJ to further develop the record as to Moultrie's obesity, whether his obesity constituted a severe impairment, and whether his obesity, combined

with his other impairments, prevented him from engaging in gainful employment.

Furthermore, Moultrie suffers from DVT and it is clear that the ALJ did not properly consider the extent to which Moultrie's DVT affects his ability to work.  He has been frequently treated for blood clots, a reportedly common symptom of the condition, which are potentially life-threatening.  Moultrie also complains of constant numbness in his legs, which is a common symptom of DVT.  Upon remand, the ALJ must reconsider how Moultrie's DVT, particularly in conjunction with his obesity, would prevent Moultrie from preforming work related activities.

Remand, rather than an award of benefits, is appropriate because the evidence in the current record does not necessitate a finding that Moultrie's condition constituted a severe impairment that prevented him from engaging in gainful employment.  Indeed, the record contains evidence suggesting that, despite his condition, Moultrie was able to dress himself, shop, and engage in light house work.  Thus, the proceedings on remand will permit the Commissioner to further develop the record so that a proper disposition as to Moultrie's ability to perform work activity can be determined.

### III.  CONCLUSION

For the reasons set forth above, the determination of the Commissioner will be reversed and the case remanded for further proceedings in accordance with this opinion.  On remand, the Commissioner should consider whether Moultrie's obesity constituted a severe impairment, and if so, what effect his obesity had on every step of the five sequential evaluation process.  Furthermore, the ALJ will have to properly consider the effects of Moultrie's DVT.  An appropriate order implementing this opinion will be entered.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 25, 2008