**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MOULTRIE,<br><br>                              Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>                              Defendant. | Civ. No.  06-6014 (DRD) |

*Appearances by:*

LANGTON & ALTER, ESQS.
by: James Langton, Esq.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, NJ 07065

  *Attorneys for Plaintiff*

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY for the District of New Jersey
by: Sheena V. Barr
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

  *Attorney for Defendant*

**DEBEVOISE, Senior District Judge**

  Plaintiff David Moultrie moves to recover attorneys' fees he incurred while asserting his right to social security and disability benefits. Defendant, the Commissioner of Social Security ("Commissioner"), admits that Plaintiff is entitled to fees, but argues that the amount requested is unreasonable because Plaintiff's failure to comply with local procedural rules unnecessarily prolonged the earlier proceeding.

## I.  BACKGROUND

  On February 4, 2004, Plaintiff filed an application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income Benefits under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. § 301, et. seq. ("the Act"). The application alleged that he had been disabled since April 13, 2003 due to asthma, hypertension, and deep vein thrombosis ("DVT"). The Commissioner denied the claim on June 4, 2004, and denied a request for reconsideration on September 21st of that year.

  Plaintiff appealed the denial through administrative proceedings. On April 25, 2006, Administrative Law Judge ("ALJ") Joel H. Friedman ruled that Plaintiff was not disabled and therefore not entitled to benefits. Plaintiff sought review before the Social Security Appeals Council, but that body found no grounds for questioning the ALJ ruling. Thus, the ALJ ruling was adopted as the Commissioner's final determination.

  After exhausting his administrative remedies through the ALJ hearing and subsequent petition to the Appeals Council, Plaintiff sought review of the Commissioner's decision before this court. The Commissioner conceded in that proceeding that his earlier decision, which did not consider the effect of Plaintiff's obesity on his ability to work, was not supported by

substantial evidence. Based on that admission, this court reversed and remanded in order to allow the Commissioner to consider whether Plaintiff's obesity constituted a "severe impairment" under the Act.

Plaintiff now petitions for attorneys' fees and costs, alleging that this court's July 28, 2008 decision reversing the Commissioner's denial of benefits and remanding for further consideration makes him a "prevailing party" under 28 U.S.C. § 2812(d). The Commissioner does not dispute that Plaintiff is a prevailing party and therefore entitled to compensation for reasonable attorneys fees and costs, but asserts that Plaintiff's failure to submit a statement of primary arguments as required by Local Civil Rule 9.1 resulted in excessive time expenditures. Specifically, the Commissioner alleges that his office would have conceded that the initial denial of benefits was not supported by substantial evidence after review of the preliminary statement of arguments, thus making the 15.75 hours spent researching and drafting Plaintiff's brief on appeal to this court unnecessary.

## II.  DISCUSSION

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The product of this calculation is called the lodestar," Apple Corps. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 484 (D.N.J. 1998), and it "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley, 461 U.S. at 433. "The lodestar is strongly presumed to yield a reasonable fee." Washington v. Philadelphia County Ct. Com. Pl., 89 F.3d 1031, 1035 (3d Cir. 1996).

The party seeking an award of attorneys' fees bears the burden of establishing the

3

reasonableness of both the hours worked and rates claimed.  Hensley, 461 U.S. at 433; Apple Corps., 25 F. Supp. 2d at 484.  Once the attorneys' fees applicant has produced satisfactory evidence, the burden shifts to "the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended."  Apple Corps., 25 F. Supp. 2d at 485.  "If the party opposing the fee petition meets its burden of proving that an adjustment is necessary, the court has wide discretion to adjust the attorneys' fee."  Id.

Once the lodestar has been computed, the "court can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained."  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  A court may not, however, "decrease a fee award based on factors not raised at all by the adverse party."  Id.

**A.  Reasonableness of Hours Expended**

The first step in calculating the lodestar is determining whether the number of hours expended was reasonable.  Any "hours that were not reasonably expended" must be excluded from the fee calculation.  Hensley, 461 U.S. at 434.  "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary."  Rode, 892 F.2d at 1183.

In order "to encourage early and amicable resolution of Social Security matters," the local civil rules require plaintiffs to "serve upon defendant's counsel a statement setting forth plaintiff's primary contentions or arguments as to why plaintiff is entitled to relief" within 14 days after the defendant serves an answer to the initial complaint.  L. Civ. R. 9.1(a)(2).  "Failure to timely prepare" and submit those documents "may result in the imposition of sanctions by the Court."  L. Civ. R. 9.1(b).

Plaintiff did not file such a statement.  On the contrary, the details of Plaintiff's argument

were first disclosed in his full appellate brief filed on February 26, 2008, over four months after the Commissioner filed his Answer on October 18th of the previous year.  After learning the precise nature of Plaintiff's claim, the Commissioner admitted that the ALJ's failure to consider Mr. Moultrie's obesity meant the decision denying benefits was not supported by substantial evidence and requested remand.  It is unknown whether the Commissioner would have made that concession sooner if Plaintiff had filed the statement of primary arguments required by the local civil rules, thus alleviating the need for Plaintiff's counsel to spend 15.75 hours preparing an appellate brief.  The court is not overlooking Plaintiff's observation that the ALJ's error was obvious; it had been brought to the Commissioner's attention repeatedly during the course of the proceedings; and it did not require a Rule 9.1 statement to alter the Commissioner.  Nevertheless, Rule 9.1 serves a useful purpose and there should be some incentive to comply with it.

       This court has broad discretion in fixing the amount of attorneys' fees, Hensley, 461 U.S. at 436-37, and may reduce or deny an award in cases where the prevailing party unduly prolonged the litigation.  28 U.S.C. § 2412(d)(1)(C).  While it would have taken Plaintiff's counsel some time to prepare the statement of arguments required by Local Civil Rule 9.1(a), the summary nature of that document makes it highly unlikely that the entire 15.75 hours spent preparing the appellate brief would have been necessary.  Rather than speculate about the likelihood that a Rule 9.1 statement would have produced an immediate surrender by the Commissioner, the court will impose a monetary sanction which will be deductible from an otherwise reasonable fee.

       Plaintiff's counsel alleges that he expended 31.05 hours on various tasks related to the representation.  The lodestar will be calculated using that amount.

**B.  Reasonableness of Hourly Rate**

A "reasonable hourly rate is calculated according to the prevailing market rates in the community." Washington, 89 F.3d at 1035.  "The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." Public Interest Research Group v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

Plaintiff's counsel proposes an hourly rate of $171.61, and has provided documentation showing that rate is reasonable in light of statutory provisions that index compensation in Social Security Cases to the cost of living in the locality at issue.  Furthermore, the Commissioner has not objected to that rate.  Therefore, the court concludes that the rate requested is reasonable. There will be deducted from the resulting lodestar of $5328.50 the sum of $250.00.

### III.  CONCLUSION

Having found that Plaintiff's counsel reasonably expended 31.05 hours and should be compensated at an hourly rate of $171.61, the lodestar is the product of those two figures, or $5,328.50, from which $250.00 will be deducted for failing to comply with Local Civil Rule 9.1. The court will enter an order calling for the Commissioner to reimburse Plaintiff's counsel for in the amount of $5,098.50.

 s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: October 6, 2008

6